(Rev. 10/2002) Complaint

# UNITED STATES DISTRICT COURT

## Southern District of Florida

Case Number: _____

# 11-80886-Civ-Marra/JOhnson

~~Richard Gordon Frank~~
_____

Plaintiff(s)

v.

~~Lake Worth Utilities/ City of Lake~~ Worth
_____
_____
_____

Defendant(s)

FILED by _____ D.C.

AUG 0 5 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**COMPLAINT**   *Notice of (Complaint)
for Removal*

I, ~~Richard Gordon Frank~~ _____ plaintiff, in the above styled cause, sues defendant(s); ~~Lake Worth Utilities/ City of Lake Worth~~

*(Allegation of jurisdiction, i.e., under which federal law or section of the U.S. Constitution this action is being filed)*   *Notice of Removal*

This action is filed under:   1) The basic cause of action is derived from the due process clause of the 14th Amendment.   2) This is because defendant/s committed violations of both substantive and procedural due process relative to unlawful debt collection practices relative to utilities bills. 3) Substantive due process rights were violated because defendants possessed an "improper motive" by attempting to collect monies which they knew they were not entitled. 4) To wit:  They were not entitled to money previously owed them prior to plaintiffs' bankruptcy filing. 5) These violations of substantive *due process & of* qualify for prosecution (for each count) under 42 U.S.C S. 1983, the Civil Rights Act of 1871. 6) Procedural due process rights also were violated each time that defendants attempted to collect funds that they weren't owed. 7) These same violations also qualify for prosecution under 18 U.S.C. S. 1951 et al. the Hobbs Act, for "Unlawful

*over to 2a)*

COllection of Debt" under the doctrine of "attempted extortion"

8.   Extortion "under the color of authority" is derived from common law.

9.   "Attempted Extortion" is treated the same as "extortion" under the Hobbs Act.

10.   The violations committed by defendant/s satisfy all of the criteria for prosecution under the Hobbs Act.

11.   These include: the minimum number of predicate acts (2), the existence of a "Racketeering Unit", numerous "attempts at extortion", interstate commerce nexus, identification of a "Racketeering Enterprise", as well as "conspiracy" (of various kinds).and unlawful "Public Policy" pursuant to Hobbs Act "Threats & Fear", by threatening the general public with severe and unreasonable actions.

(Rev. 10/2002) Complaint

*(Statement of Facts)*

1)  On Sept. 13/10 plaintiff Richard Frank filed bankruptcy with the U.S. Bankruptcy Court for the Southern District of Florida.

2)  On or about Oct. 12/ 2010 plaintiff filed an amended list of creditors with the Bankruptcy Court.  This list included Lake Worth Utilities/City of Lake Worth.

3) Within the next two days plaintiff advised Alvin Colbert, the Lake Worth Utilities Business Manager, of this amended filing over the phone.

4) Plaintiff specifically asked Mr. Colbert at this time whether he wanted to be personally presented with the bankruptcy papers or have them mailed.

5)  Mr. Colbert declined these offers but requested that plaintiff provide him with the bankruptcy case number. He said that this would be sufficient for him to proceed with the proper paperwork.

6)  Unfortunately it wasn't.

7)  Soon afterwards, plaintiff received a number of bills as well as "final disconnect" notices which did not reflect plaintiffs' bankruptcy filing.

8)  Despite frequent notifications from plaintiff accurate bills were not provided.

9)  These bills and notices began on 1) 10/15 (bill) in the amount of $1,206.71, 2) 10/21 ("final disconnect notice" ) in the same amount, 3) 11/16 (bill) in the amount of $1,513.57, 4) 11/19 ("final disconnect notice") in the amount of $1,531.25. (Copies of bills & notices enclosed.)

10)  On or about 11/29/10 plaintiff met with L.W. Utilities Manager, Alvin Colbert, (temporary) Assistant L.W. Business Manager, Angelo, and L.W. Utilities supervisor, Brenda. (Brenda was only present for part of meeting.)

11.  During the 11/29 meeting Brenda finally produced an (apparently) accurate bill which reflected bankruptcy requirements.

12.  This bill was for $349.30, instead of the previously demanded amount of $1, 531.25

13.  This bill was produced on a laptop computer.  No explanation was given for the huge discrepancy in the billings.

14.  Within several days an identical bill, produced on the mainframe

3a

computer was received by plaintiff.

15.   Moreover, during the course of this meeting, plaintiff specifically asked Mr. Colbert if anyone above him in the Lake Worth Utilities/ City of Lake Worth hierarchy had influenced him or caused him to allow the preparation of **unlawful** utility bills and final disconnect notices, relative to debtors' bankruptcy rights.

16.   Mr. Colbert then informed plaintiff that City Attorney, Elaine Humphrey, had previously advised him (in so many words) that the 'utilities dept. shouldn't provide plaintiff with a bankruptcy appropriate bill until he actually demanded one'.

17.   Plaintiff alleges that said "advise constituted solicitation of unlawful conduct.

18.   Ms. Humphrey knew or should have known that said advise was unlawful.  This establishes intent.

19.   This advise, when adopted, therefore constitutes "conspiracy" In the context of "unlawful collection of debt" pursuant to the Hobbs Act. (MR. Colbert also knew or should have known that said advise was unlawful.)

20.   Plaintiff further alleges the existence of long-standing unlawful customs within L.W. Utilities, that facilitate the continuation of unlawful acts, and which constitute de facto policies within the dept.

21.   During the course of this **same meeti**ng Mr. Colbert also advised plaintiff that he would be subject to a future utilities deposit which would amount to three months of average bills.

22.   He justified this new deposit under the grounds that it would represent an "adequate assurance of future payment".

23.   Plaintiff then informed Mr. Colbert that he considered such a deposit to be unconstitutional, unlawful, as well as an extortionate attempt to thwart bankruptcy laws and rights.

24.   At this time Mr. Colbert informed plaintiff that he was now going to call Ms. Humphrey , in order to determine the legal authority upon which this deposit was based.

25.   Mr. Colbert allegedly spoke with her at this time, with plaintiff present during the call.

26.   According to Mr. Colbert, Ms Humphrey advised him that she couldn't provide any statutory, case law, or legal doctrine cites at this point, but that she would back to him. To the best of plaintiffs' knowledge, she never has.

27.   Plaintiff alleges that these circumstances create a presumption that the City Attorney knew or should have known that the current departmental policy of demanding excessive new deposits for the accounts of bankruptcy creditors was unlawful.

28.  Moreover, said unlawful policies and actions were greatly aggravated by <u>Public Policy</u> statements made by Lake Worth City Manager Susan Stanton over the phone.

*by Plaintiff*

29.  This call was received on or about Nov. 27, 2010.  L.W. City Commissioner Suzanne Mulvehill was present with City Manager when call was made.

30.  These statements constituted a "Threat" and "Provoked Fear". Said Public Policy- to <u>evict</u> utility customers for non-payment of either water or electric services, and also to seek <u>foreclosure</u> from the mortgage holder.is unlawful and contradicts case law.

31.  This policy is <u>unconscionable</u> and "<u>injurious to the public good</u>". It also violates S. 1983 as well as Hobbs Act.

*(Relief request, i.e., State what you want the Court to do or award)*

Wherefore, I) Injunctive Relief 1) Plaintiff seeks injunctive relief to prevent Lake Worth Utilities/City of Lake Worth from continuing to attempt unlawful debt collection relative to bankruptcy debt (and possibly other debts) on a regular basis.  2) This injunctive relief could be mandamus, specific performance, or any remedy deemed appropriate by this Honorable Court.  3)  Relief sought under Hobbs Act 18 U.S.C S. 1964- Civil Remedies- a) "District Courts of the United States shall have jurisdiction to prevent and restrain violations of S. 1962 ... by issuing appropriate orders including ... imposing reasonable restrictions on the future activities ... or ordering dissolution or reorganization of any enterprise." 4) Plaintiff specifically seeks judicial reformation of this organization by the aforementioned means. II) Damages  5) Plaintiff Richard Frank has suffered severe mental anguish as a result of the actions, undertaken, +City of L.W. attempted, and threatened by defendant Lake Worth Utilities. 6) Said actions have caused deterioration of plaintiffs' health, due to extreme stress, from a previously existing condition, diabetes.  7)  Plaintiff therefore seeks compensatory damages (consistent with the jurisdictional minimum of the Court) relative to S. 1983 and Hobbs Act claims. to be determined by this Honorable Court. Plaintiff also seeks punitive damages, if applicable. III)  Reasonable Attorney's Fees  8. Plaintiff also seeks to recover the (equivalent) of reasonable attorney's fees under the "private attorney General's theory" and/or S. 1983 and Hobbs Act.

Signed this ___13th___ day of ___February___, 20 11 .

Richard Gordon Frank
_____
Printed or typed name of Filer

Signature of Filer

Pro se
_____
Florida Bar Number

E-mail address

(561) 351-2954
_____
Phone Number

Facsimile Number

1005 13th Avenue South, Lake Worth, FL. 33460
_____
Street Address

_____
City, State, Zip Code

JS 44 (Rev. 2/08)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
Richard Gordon Frank

**DEFENDANTS**
Lake Worth Utilities / City of Lake Worth

**(b)** County of Residence of First Listed Plaintiff  Palm Beach, Fl.
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Palm Beach, Fl.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Pro Se
1005 13 Ave. South
Lake Worth, Fl. 33460
(Tel.) (561) 351-2954

Attorneys (If Known)
Assistant City of Lake Worth Attorney- Jean Marie Middleton

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☑ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

| II. BASIS OF JURISDICTION (Place an "X" in One Box Only) | | III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) | | |
|---|---|---|---|---|

II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

11 CV 80886 KAM / LRS

III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)     adversarial proceeding

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☑ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - | ☐ 625 Drug Related Seizure of Property 21 USC 881 | removal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation  Hobbs Act |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☑ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | Corrupt Organizations  unlawful |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 480 Consumer Credit  collection |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV  of Debt |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☑ 440 Other Civil Rights  1983 | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☑ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)
☐ 1 Original Proceeding    tota
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☑ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE                                    DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 1) 42 USC. S. 1983- Defendants violated plaintiffs due process relative to 14 amendment. 2) 18 USC. S. 1951- et. al. Defendants committed attempted extortion/coll. of unlawful debt
LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case) relative to unlawful debt

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
(Pro Se) Richard S Frank

DATE 8/5/11

FOR OFFICE USE ONLY
AMOUNT  0     RECEIPT #  0     IFP  X